OPINION OF THE COURT
Per Curiam.
Final judgment, entered September 15, 2006, affirmed, with $25 costs. Order entered October 30, 2006, affirmed, with $10 costs. Appeal from order dated January 6, 2006, dismissed, without costs, as nonappealable.
Respondent Desormeaux, the former live-in home health aide for the (now) deceased stabilized tenant, failed to demonstrate the existence of a triable issue of fact with respect to her claimed right of succession to the subject apartment as a nontraditional family member (see Pearlbud Realty Corp. v White, 10 Misc 3d 141 [A], 2006 NY Slip Op 50041 [U] [2006]). Conspicuously absent from Desormeaux’s evidentiary submissions was any evidence tending to show that her relationship with the tenant contained the requisite “emotional and financial commitment, and interdependence” required for succession (9 NYCRR 2204.6 [d] [3] [i]). “[T]here was no commingling of finances, no joint ownership of anything, not even an indication of sharing household or family expenses” (390 W. End Assoc. v Wildfoerster, 241 AD2d 402, 403 [1997]). The record shows that Desormeaux was paid a salary to live with and provide 24-hour care to the elderly, infirm tenant, a position she previously held for a series of other individuals, and was compensated for any expense incurred on tenant’s behalf. Gifts of personal property and cash made to Desormeaux after tenant’s death by her executor son, allegedly at tenant’s behest, are consistent with the recognition of a valued employee or close friend, not necessarily a family member.
We have considered respondents’ remaining arguments and find them unavailing.
McKeon, P.J., McCooe and Schoenfeld, JJ., concur.